UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DACOREY SATTERWHITE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>24 HOUR FITNESS,<br><br>　　　　　Defendant. | Case No. 5:17-cv-00848-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL**<br><br>Re: Dkt. No. 2 |

　　　　DaCorey Satterwhite seeks to sue 24 Hour Fitness for $5 million dollars for "pain and suffering." He also seeks leave to proceed in forma pauperis (IFP). His complaint is based on the following allegations: (1) a gym trainer "made a comment can you do a push-up"; (2) when he asked about his gym membership, an employee said that his "account was out" because Satterwhite missed his appointment, and then that employee "got an attitude"; (3) another employee said to call the police on Satterwhite because Satterwhite was concerned about his membership; (4) when Satterwhite first started his membership, an employee "made a comment are you sure the money is on this card" and also said "you stink you smell like tobacco"; and (5) another employee "made a comment and said check in Big Dude." (Dkt. 1). For the reasons stated below, the undersigned grants the IFP application, but recommends that this matter be

dismissed for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction and must dismiss a case where jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

Satterwhite's IFP application is granted because the record indicates that he lacks sufficient finances to pay the filing fee. Even so, this court finds that Satterwhite's suit cannot proceed here because there is no federal subject matter jurisdiction over his complaint.

Satterwhite does not invoke federal question jurisdiction, (see Dkt. 1-1), and this court finds that there is no federal question jurisdiction anyway. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Satterwhite's complaint alleges no facts giving rise to a cognizable claim for relief under federal law.

There is also no basis for diversity jurisdiction under 28 U.S.C. § 1332. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Here, the record indicates that both Satterwhite and defendant are California citizens. (Dkt. 1-1).

There being no basis for federal question or diversity jurisdiction, this case should be

dismissed. Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that Satterwhite's complaint be dismissed for lack of subject matter jurisdiction. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72.

SO ORDERED.

Dated: May 8, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:17-cv-00848-HRL Notice sent by U.S. Mail on 5/8/17 to:

DaCorey Satterwhite
479 Blossom Hill Road
San Jose, CA 95123