**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DACOREY SATTERWHITE,<br><br>Plaintiff,<br><br>v.<br><br>24 HOUR FITNESS,<br><br>Defendant. | Case No. 17-cv-00848-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 7] |

Plaintiff DaCorrey Satterwhite seeks to proceed in forma pauperis ("IFP") and brings this action against 24 Hour Fitness seeking $5 million in damages for alleged "pain and suffering." *See* Compl., ECF 1. Presently before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Howard R. Lloyd, wherein Judge Lloyd recommends that the Court grant Mr. Satterwhite's motion for leave to proceed IFP and dismiss the complaint for lack of subject matter jurisdiction. R&R, ECF 7. No objections to the R&R have been filed and the deadline to object has elapsed. *See* Fed. R. Civ. P. 72(b)(2).

The Court has reviewed Judge Lloyd's R&R, and finds it correct, well reasoned, and thorough. Accordingly, the Court ADOPTS the R&R in full and DISMISSES the complaint for lack of subject matter jurisdiction. Additionally, for the reasons stated below, the Court declines to grant leave to amend.

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith, or dilatory motive, (3) repeated failure to cure deficiencies by

amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Four of the factors are not applicable here, however the Court finds the fifth factor dispositive. As Judge Lloyd correctly discussed, federal courts are courts of limited jurisdiction. Because Plaintiff and Defendant are residents of California, Mr. Satterwhite cannot proceed on the basis of diversity jurisdiction. Moreover, the only claim set forth in the complaint is a state law tort claim for emotional distress, thus, there are no facts that Mr. Satterwhite could allege that would allow him to bring a federal claim. Accordingly, any claims must be pursued in state court.

For the foregoing reasons the Court ADOPTS Judge Lloyd's R&R and DISMISSES the above-titled action WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: May 30, 2017

BETH LABSON FREEMAN
United States District Judge